# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

KENYA WILLIAMS,  
     Plaintiff,

     vs.

OHIO DEPARTMENT OF  
REHABILITATION AND  
CORRECTIONS, et al.,  
     Defendants.

Case No. 1:20-cv-205

Black, J.  
Bowman, M.J.

**REPORT AND  
RECOMMENDATION**

Plaintiff, an inmate at the Madison Correctional Institution, brings this action under 42 U.S.C. § 1983 against defendants Ohio Department of Rehabilitation and Corrections (ODRC) and the Madison Correctional Institution (MaCI). By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when

the plaintiff cannot make any claim with a rational or arguable basis in fact or law.  *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).   An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist.  *Neitzke,* 490 U.S. at 327.   An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible."   *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199.   The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness.   *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted.   28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."   *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).   By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).   The Court must accept all well-

pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation."   *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).   Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."   *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).   A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."   *Twombly*, 550 U.S. at 555.   Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."   *Id.* at 557.   The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."   *Erickson*, 551 U.S. at 93 (citations omitted).

In the complaint, plaintiff alleges that while being escorted from his cell by Officer Green,[1] plaintiff became dizzy and lightheaded from his mental health medication.   (Doc. 1-1, Complaint at PageID 15).   Plaintiff claims that he fell down the stairs, resulting in injury to his back and ankle.   According to plaintiff, Green did not physically escort him as he ordinarily does and did not prevent him from falling.

As relief, plaintiff seeks monetary damages.   (*Id.* at PageID 16).

The complaint is subject to dismissal for failure to state a claim upon which relief may be granted.   As noted above, plaintiff names the ODRC and MaCI as defendants to this action. Title 42 U.S.C. § 1983 provides that "[e]very person who, under the color of any statute . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ."   42 U.S.C. § 1983.   A correctional facility is not a "person" subject to suit under

---

1 Officer Green is not named as a defendant to this action.   (*See* Doc. 1-1, Complaint at PageID 14).

42 U.S.C. § 1983.  *See Parker v. Michigan Dept. of Corrections,* 65 F. App'x. 922, 923 (6th Cir.

2003) (Department of Corrections not a "person" under § 1983).  *See also, e.g., McGlone v.*

*Warren Corr. Inst.,* No. 1:13cv126, 2013 WL 1563265, at *3 (S.D. Ohio Apr. 12, 2013)

(Bowman, M.J.) (Report & Recommendation) (and numerous cases cited therein) (holding that

claims against a state prison and the ODRC should be dismissed at the screening stage because

"neither the state prison facility nor the state corrections department is an entity capable of being

sued under § 1983"), *adopted*, 2013 WL 2352743 (S.D. Ohio May 29, 2013) (Dlott, J.); *see also*

*Hix v. Tennessee Dep't of Corr.,* 196 F. App'x 350, 355-56 (6th Cir. 2006) (and cases cited

therein); *Rodgers v. Michigan Dep't of Corr.*, 29 F. App'x 259, 260 (6th Cir. 2002).

Furthermore, to the extent that plaintiff seeks damages in the instant action, the Eleventh

Amendment bars plaintiff's cause of action against the state agency defendants.  *McGlone*,

*supra*, 2013 WL 1563265, at *3 (citing *Rodgers*, 29 F. App'x at 260); *see also Will*, 491 U.S. at

66-71; *Wingo v. Tennessee Dep't of Corr.*, 499 F. App'x 453, 454 (6th Cir. 2012) (per curiam).

Accordingly, because plaintiff has failed to state an actionable claim against the named

defendants, the complaint should be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and

1915A(b)(1).

## IT IS THEREFORE RECOMMENDED THAT:

1.   The plaintiff's complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§

1915(e)(2)(B) and 1915A(b)(1).

2.   The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an

appeal of any Order adopting this Report and Recommendation would not be taken in good faith

and therefore deny plaintiff leave to appeal *in forma pauperis*.  *See McGore v. Wrigglesworth*,

4

114 F.3d 601 (6th Cir. 1997).

                                          *s/ Stephanie K. Bowman*
                                          Stephanie K. Bowman
                                          United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

KENYA WILLIAMS,                                   Case No. 1:20-cv-205
           Plaintiff,

                                                  Black, J.
vs.                                               Bowman, M.J.

OHIO DEPARTMENT OF
REHABILITATION AND
CORRECTIONS, et al.,
           Defendants.


**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written

objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after

being served with a copy thereof.   That period may be extended further by the Court on timely

motion by either side for an extension of time.   All objections shall specify the portion(s) of the

R&R objected to, and shall be accompanied by a memorandum of law in support of the

objections.   A party shall respond to an opponent's objections within **FOURTEEN DAYS** after

being served with a copy of those objections.   Failure to make objections in accordance with this

procedure may forfeit rights on appeal.   *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States*

*v. Walters,* 638 F.2d 947 (6th Cir. 1981).